# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALFREDO MONTANEZ** | : CASE NO. |
| **Plaintiff** | : |
| | : |
| vs. | : |
| | : CIVIL ACTION - LAW |
| **YORK CITY, PENNSYLVANIA** | : |
| (A Municipal Corporation) | : |
| **THE YORK CITY POLICE** | : |
| **DEPARTMENT** (A police department | : JURY TRIAL DEMANDED |
| organized and existing in York City | : |
| Pennsylvania) Unknown Police Officer | : |
| (Individually and as a Police officer and | : |
| Agent of the York City) | : |
| Defendants | : |

1

# COMPLAINT

**I. JURISDICTION**

1. This is a Civil Action in which Plaintiffs seek redress as aggrieved parties under 28 U.S.C. subsections 1331 and 1343, as it relates to claims pursuant to 42 U.S.C. subsections 1983 and 1988, and any and all other proper statutes of the United States which grants the right to judicial review to an aggrieved party against persons whose acts under color of law and having deprived Plaintiffs of their rights guaranteed by the Constitution of the United States of America.

2. Each Defendant, at all times relevant to Plaintiffs' Complaint, and for all acts and/or failures to acts alleged herein, acted, "under color of law" for purposes of 42 U.S.C. subsection 1983, as they acted pursuant to the statutes of the Commonwealth of Pennsylvania and/or the United States and/or through a relationship created by the exercise of a statutorily authorized act.

3. The Plaintiffs further invoke the pendent jurisdiction of This Honorable Court to hear and decide claims arising under Pennsylvania state law.

**II. VENUE**

4. Venue is appropriate in the Middle District of Pennsylvania because Plaintiffs reside within the Middle District of Pennsylvania and Defendants York City and York

City Police Department maintain their principal place of business there and that certain acts of the Defendants as stated in this Complaint occurred there.

### III. PARTIES

5. Plaintiff, Alfredo Montanez, hereinafter referred to as Mr. Montanez, is an adult male of Puerto Rican ancestry who resides within the judicial district of the United States District Court for the Middle District of Pennsylvania, in York City, York County, Pennsylvania.

9. Defendant York City, Pennsylvania is a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania within the county of York, Pennsylvania, said city having its principal business office in York City, Pennsylvania.

10. Defendant, York City Police Department, is the police department for Defendant York City, Pennsylvania, being duly organized in accordance with federal, state, county, and city laws. Its principal business office is located in York City, York County, Pennsylvania.

11. Defendant, Unknown Police Officer, is a competent adult individual who at all times relevant to this action was a police officer/agent of the Defendants York City and York City Police Department and as such acted under color of law.

3

# COUNT I
# ALFREDO MONTANEZ
# VIOLATION OF HIS RIGHTS UNDER THE THE UNITED STATES AND PENNSYLVANIA CONSTITUTIONS AND AMENDMENTS THERETO

13. Unknown Police Officer is a member of the York City Police Department, and as such received extensive training and had extensive training in the proper arrest of an individual who appears to have committed a crime.

14. On August 6, 2010, Plaintiff was arrested by a number of unknown York City Police Officer, including Defendant Unknown Police Officer..

15. After Mr. Montanez was arrested, his hands were placed behind his back and he was handcuffed.

16. While Mr. Montanez was standing with his hand cuffed behind his back, he was brutally and violently struck in the chest area by Unknown Police Officer.

17. At the time that he was brutally and violently struck in the chest by Unknown Police Officer, he was not offering any resistance, nor was he not responding to any verbal commands by any officer.

18. The brutal and violent hit to the chest by Unknown Police Officer was not necessary to protect his safety or the safety of any other Officers/persons in the area.

19. After he was arrested, Mr. Montanez was charged with: (1)receiving stolen property; (2)person not to possess, use, manufacture, control, sell or transfer firearms;

4

(3) firearms not be carried without a license; (4) possession of small amount of marijuana-personal use: and intentional possession of controlled substance by person not being registered under the Control Substance, Drug Device Act.

20. Each of the Defendants either personally or by and through their agents were involved in the forgoing excessive use of force against Mr. Montanez.

21. As a result of the foregoing excessive use of force, Mr. Montznez suffered physical injuries for which he obtained medical treatment at the York Hospital located in York, Pennsylvania.

22. The foregoing actions of the Defendants were intentional and were in violation of Mr. Montanez's rights under the United States Constitution and the Pennsylvania Constitution.

23. As a direct and proximate result of the actions of the Defendants, Mr. Montanez suffered painful injuries to his person and has suffered , and will continue to suffer psychological injuries, humiliation, embarrassment, inconvenience, aggravation and expense.

24. The acts and conduct of the Defendants, individually, collectively and by and through their agents and officers powerfully demonstrated wanton and reckless disregard for the rights, safety, and dignity of Mr. Montanez, and said act were willful and intended to and did cause him harm.

25. When the Unknown Police Officer brutally and violently hit Mr. Montanez in the chest is was video recorded by a citizen of York City, Pennsylvania and placed on You-Tube.

**WHEREFORE**, Ms. Alfredo Montanez demands judgment in his favor, and against Defendants for compensatory damages, punitive damages, attorney's fees, cost and all appropriate equitable and/ or legal relief to which he is entitled.

### COUNT II.
### ASSAULT AND BATTERY

26. Mr.Montanez incorporates paragraphs (1) through (25) herein be reference as thought set forth in full.

27. When Defendants individually, collectively, and by and through their agents and officers, placed their hands on Mr. Montanez and used excessive force by brutally and violently hitting him in the chest without provocation, they committed an intentional, immediate, and harmful and illegal contact to his person.

28. When Defendants manhandled Mr. Montanez by brutally and violently hitting him in the chest without provocation, they did not need to use excessive force to protect themselves and the public.

29. Defendants actions in using excessive force by brutally and violently hitting Mr. Montanez in the chest constituted an assault and battery on his person.

6

**WHEREFORE,** Mr. Montanez demands judgement in his favor against the Defendants for assault and battery, said judgement to include compensatory damages, punitive damages, attorney's fees, cost ad all appropriate equitable and/or legal relief to which he is entitled.

                                                Respectfully submitted,

Date: **August 6, 2012**                    S/ Clarence E. Allen
                                                Clarence E. Allen, Esquire
                                                Attorney for Plaintiffs
                                                Attorney Federal ID. No. 49104
                                                18 South George Street - Suite 615
                                                York, PA 17401
                                                Telephone No. (717) 846-5873
                                                Fax No. (888) 608-6171
                                                E-Mail: CAllen1216 @ aol.com