# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALFREDO MONTANEZ,** | : | Civil No. 1:12-CV-1530 |
| | : | |
| **Plaintiff** | : | **(Magistrate Judge Carlson)** |
| | : | |
| v. | : | |
| | : | |
| **YORK CITY, PENNSYLVANIA,** | : | |
| et al., | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

On December 17, 2012, we entered an order dismissing the above-captioned action, but did so without prejudice to the plaintiff moving for leave within 20 days for leave to file an amended complaint that corrected the deficiencies that we had identified. The plaintiff failed to seek leave to amend within this period, and has in fact failed to file any further documents or take another steps to litigate his claims. We will now dismiss the complaint with prejudice and have the case marked closed.

## I.    BACKGROUND

Alfredo Montanez commenced the above-captioned action on August 7, 2012, against York City, Pennsylvania, the York City Police Department, and one or more unknown police officers. (Doc.1.) In the complaint, the plaintiff alleged that he had been subjected to unlawful arrest, excessive force, and assault by members of the

York City Police Department, and charged with a number of crimes including firearms and drug offenses, and receiving stolen property. (Id.) On October 19, 2012, the parties consented to proceed before the undersigned as a United States Magistrate Judge assigned to this case. (Doc. 7.)

On November 2, 2012, the defendants moved to dismiss the complaint for failure to state a claim, raising a number of dispositive arguments, including: (1) that the claims alleged were time-barred; (2) that the York City Police Department is not a legal entity capable of being sued; (3) that the plaintiff failed to make sufficient allegations to support a claim for municipal liability; and (4) that the plaintiff's claims for damages under the Pennsylvania Constitution fail as a matter of law. (Docs. 10, 11.) The plaintiff filed a brief opposing the motion, arguing generally that his claim was timely and sufficiently pleaded, and requesting alternatively that he be given an opportunity to amend the complaint if the Court concluded that it failed to state a claim.

Upon consideration of the complaint and the parties' briefs, we found that the complaint as pleaded clearly failed as a matter of law. (Doc. 18.) In our memorandum and order, we found that the plaintiff's claim against the York City Police Department failed as a matter of law because the department is not a separate entity subject to the lawsuit. (Id. at 7.) We also found that the plaintiff's claims for

damages for alleged violations of the Pennsylvania Constitution failed as a matter of law. (Id. at 8-10.) We further concluded that the plaintiff's complaint failed to allege sufficient facts to support a claim for municipal liability against the City of York. (Id. at 10-16.) Finally, we declined to embrace the defendants' arguments that the plaintiff's claims were necessarily time-barred for having been filed one day after the two-year limitations period applicable to the claims in this case appears to have run, finding that this argument was an affirmative defense, potentially factually dependent, and not properly the basis for dismissal of the case as pleaded. (Id. at 16-19.) We further observed that the plaintiff's complaint also failed for other fundamental reasons that we discussed at length, and thus although we found it "substantially doubtful" that the continuing violations doctrine, the discovery rule, or principles of equitable tolling could have any application or power to save the complaint from being untimely, we based our decision to dismiss the complaint on the merits of the claims as pled. (Doc. 18.)

Accordingly, on December 17, 2012, we entered an order dismissing the complaint, but did so expressly without prejudice to the plaintiff seeking leave within 20 days of the order seeking leave to submit a motion to a motion for leave to amend the complaint, together with a copy of the proposed amended complaint that addressed the pleading deficiencies identified in the memorandum. (Id.)

The 20 day-period within which the plaintiff was required to seek leave to file an amended complaint expired on Monday, January 6, 2013. The plaintiff did not seek leave to amend the complaint before this date. It is now April 12, 2013, and the plaintiff has not filed any additional pleadings, motions or other documents in this case, and we find that he has now abandoned this action and that it should be dismissed with prejudice, and the case marked closed.

## II. DISCUSSION

Although the plaintiff's complaint was manifestly defective and failed to state a claim upon which relief could be granted, we nevertheless endeavored to provide the plaintiff with an opportunity to correct the deficiencies that we had identified for him. Indeed, the plaintiff requested that the Court provide him with an opportunity to amend if the complaint was found to subject to dismissal. We granted that request.

Nevertheless, the plaintiff has now failed to take any further steps to prosecute this action, and dismissal with prejudice is now appropriate. "A district court has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and under Federal Rule of Civil Procedure 41(b)." Azubuko v. Bell Nat. Organization, 243 F. App'x 728, 729 (3d Cir. 2007) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)). Dismissal of an action in this way is deemed to be an adjudication on the merits, and bars further action between the parties. Id. (citing

Landon v. Hunt, 977 F.2d 829, 833 (3d Cir. 1992). As the Third Circuit observed in Azubuko, dismissal is warranted in a case such as this, where the district court dismissed a complaint for failure to state a claim, provided the plaintiff with leave to amend the complaint, but where the plaintiff failed to file a timely amended complaint or otherwise failed to comply with court orders. Indeed, the Third Circuit further observed that although in most cases a district court is required to consider and balance six factors enumerated in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), when considering, *sua sponte*, to order dismissal as a sanction, in cases where "a litigant's conduct makes adjudication of the case impossible . . . such balancing under Poulis is unnecessary." Azubuko, 243 F. App'x at 729 (citing Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994) and Guyer v. Beard, 907 F.2d 1424, 1429-30 (3d Cir. 1990)).

In this case, we previously dismissed the plaintiff's complaint because it manifestly failed to state a claim upon which relief could be granted. We provided the plaintiff with an opportunity to seek leave to file an amended complaint if he believed he could address and correct the deficiencies that we had noted with respect to that pleading as originally filed. In this situation, where a deficient complaint is dismissed without prejudice but the plaintiff refuses to timely amend the complaint, it is well within the court's discretion to dismiss the complaint with prejudice given the

5

plaintiff's refusal to comply with court directives. Indeed, the precise course was endorsed by the United States Court of Appeals for the Third Circuit in Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007). In Pruden, the appellate court addressed how district judges should exercise discretion when a plaintiff ignores instructions to amend a complaint. In terms that are equally applicable here the court observed that:

> The District Court dismissed the complaint without prejudice and allowed [the plaintiff] twenty days in which to file an amended complaint. [The plaintiff] failed to do so. Because [the *pro se* plaintiff] decided not to amend his complaint in accordance with the Federal Rules of Civil Procedure, we conclude that the District Court did not abuse its discretion when it dismissed [the *pro se* plaintiff's] complaint with prejudice. See In re Westinghouse Securities Litigation, 90 F.3d 696, 704 (3d Cir.1996). The District Court expressly warned [the plaintiff] that the failure to amend his complaint would result in dismissal of the action with prejudice. "[I]t is difficult to conceive of what other course the court could have followed." Id. (quoting Spain v. Gallegos, 26 F.3d 439, 455 (3d Cir.1994)).

Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007). The plaintiff here has declined this opportunity to amend, and we therefore conclude that there is no reason why this case should not now be marked closed.

Accordingly, IT IS HEREBY ORDERED THAT this action is DISMISSED with prejudice. The Clerk of Court is directed to close the case.

/s/ Martin C. Carlson  
Martin C. Carlson  
United States District Court