# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALFREDO MONTANEZ,** | : | **Civil No. 1:12-CV-1530** |
| | : | |
| **Plaintiff** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **v.** | : | |
| | : | |
| **YORK CITY, PENNSYLVANIA,** | : | |
| **et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

### I.    INTRODUCTION

Now pending before the court is the plaintiff's motion for reconsideration of the court's order dismissing this action with prejudice as to all parties. (Doc. 20.) The plaintiff argues that the case should have been dismissed only with respect to the two defendants who moved for dismissal, but not as to a third, unidentified police officer, who has not answered or otherwise moved to dismiss this case. For the following reasons, we agree, and our order dismissing this action as to all parties with prejudice will be modified.

### II.    BACKGROUND

Alfredo Montanez commenced the above-captioned action on August 7, 2012, against York City, Pennsylvania, the York City Police Department, and one or more

unknown police officers. (Doc.1.) In the complaint, the plaintiff alleged that he had been subjected to unlawful arrest, excessive force, and assault by members of the York City Police Department, and charged with a number of crimes including firearms and drug offenses, and receiving stolen property. (Id.) On October 19, 2012, the parties consented to proceed before the undersigned as a United States Magistrate Judge assigned to this case. (Doc. 7.)

On November 2, 2012, the City of York and the York City Police Department moved to dismiss the complaint for failure to state a claim, raising a number of dispositive arguments, including: (1) that the claims alleged were time-barred; (2) that the York City Police Department is not a legal entity capable of being sued; (3) that the plaintiff failed to make sufficient allegations to support a claim for municipal liability; and (4) that the plaintiff's claims for damages under the Pennsylvania Constitution fail as a matter of law. (Docs. 10, 11.) The plaintiff filed a brief opposing the motion, arguing generally that his claim was timely and sufficiently pleaded, and requesting alternatively that he be given an opportunity to amend the complaint if the court concluded that it failed to state a claim.

Upon consideration of the complaint and the parties' briefs, we found that the complaint as pleaded clearly failed as a matter of law. (Doc. 18.) In our memorandum and order, we found that the plaintiff's claim against the York City

Police Department failed as a matter of law because the department is not a separate entity subject to the lawsuit. (Id. at 7.) We also found that the plaintiff's claims for damages for alleged violations of the Pennsylvania Constitution failed as a matter of law. (Id. at 8-10.) We further concluded that the plaintiff's complaint failed to allege sufficient facts to support a claim for municipal liability against the City of York. (Id. at 10-16.) Finally, we declined to embrace the defendants' arguments that the plaintiff's claims were necessarily time-barred for having been filed one day after the two-year limitations period applicable to the claims in this case appears to have run, finding that this argument was an affirmative defense, potentially factually dependent, and not properly the basis for dismissal of the case as pleaded. (Id. at 16-19.) We further observed that the plaintiff's complaint against these parties also failed for other fundamental reasons that we discussed at length, and thus although we found it "substantially doubtful" that the continuing violations doctrine, the discovery rule, or principles of equitable tolling could have any application or power to save the complaint from being untimely, we based our decision to dismiss the complaint on the merits of the claims as pled. (Doc. 18.)

Accordingly, on December 17, 2012, we entered an order granting the motion and dismissing the complaint, but did so expressly without prejudice to the plaintiff seeking leave within 20 days of the order seeking leave to submit a motion to a

motion for leave to amend the complaint, together with a copy of the proposed amended complaint that addressed the pleading deficiencies identified in the memorandum. (Id.)

The 20 day-period within which the plaintiff was required to seek leave to file an amended complaint expired on Monday, January 6, 2013. The plaintiff did not seek leave to amend the complaint before this date. Accordingly, on April 12, 2013, we entered a memorandum order in which we concluded that the plaintiff had abandoned this action, and we dismissed the case with prejudice against all parties. (Doc. 20.)

On April 25, 2013, the plaintiff filed a motion for reconsideration of this order. (Doc. 20.) In his motion, the plaintiff noted that in his original complaint, he had named as defendants the City of York, the York City Police Department, as well as an unknown police officer. (Doc. 20.) The plaintiff recited that Donald B. Hoyt, Esq. entered his appearance for all defendants on August 15, 2012, and that on September 2, 2012, John Gonzalez, Esq. entered his appearance as counsel only to the City of York and the York City Police Department. (Id.) Thereafter, on November 2, 2012, counsel for the city and its police department moved to dismiss the complaint pursuant to Rule 12(b)(6). (Doc. 10.) As the plaintiff recites, this court entered an order granting the motion to dismiss on December 17, 2012, but without prejudice to

the plaintiff filing an amended complaint to correct the deficiencies that we had identified. (Doc. 18.)

In his motion for reconsideration, the plaintiff represents that after reviewing the court's December 17, 2012 order, he elected not to pursue his claims against the City of York or the York City Police Department, but instead decided to proceed solely against the as yet unknown police officer named in the complaint, represented by Attorney Hoyt. (Doc. 20, at 2.) The plaintiff argues that counsel for the unknown police officer did not move to dismiss the claims against that defendant, and thus the claims against that party should not have been included in the court's order dismissing the case with prejudice against all parties. (Id.) Notably, counsel for the unidentified defendant did not respond to the plaintiff's reconsideration motion. In contrast, counsel for the City of York and the York City Police Department filed a brief opposing the requested relief (Doc. 23.), even though the plaintiff's motion expressly did not seek reconsideration of the order dismissing this case against those two defendants.

Upon consideration, we find that the plaintiff's motion should be granted.

III.  **DISCUSSION**

The legal standards that govern motions for reconsideration of prior court rulings are both clear and clearly compelling. "The purpose of a motion for

5

reconsideration is to correct manifest errors of law or fact or to present newly

discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).

Typically, such a motion should only be granted in three narrowly defined

circumstances, where a court finds: (1) that there has been an intervening change in

controlling law; (2) the availability of new evidence not previously available; or (3)

a need to correct a clear error of law or prevent manifest injustice. Howard Hess

Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 251 (3d Cir. 2010) (citing

Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

In consideration of this narrow standard, it is well-settled that a mere

disagreement with the court does not translate into the type of clear error of law

which justifies reconsideration of a ruling. Dodge v. Susquehanna Univ., 796 F.

Supp. 829, 830 (M.D. Pa. 1992). Furthermore, "[b]ecause federal courts have a

strong interest in the finality of judgments, motions for reconsideration should be

granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp.

937, 943 (E.D. Pa. 1995). Moreover, a motion for reconsideration is not a tool to re-

litigate and reargue issues which have already been considered and disposed of by the

court. Dodge, 796 F. Supp. at 830.

Mindful of these stringent standards, we agree with the plaintiff that the court's

dismissal order should not have encompassed the claims brought against the unknown

officer. Although it is not clear whether the plaintiff has, by this time, determined the identity of this unnamed defendant, or whether the plaintiff's claims against this defendant were in fact timely filed, we do find that our order dismissing this case with prejudice (Doc. 19.) should be modified so as to dismiss only those claims against the two defendants who actually moved for dismissal – the City of York and the York City Police Department.

The plaintiff has conceded that he abandoned his claims against those parties, and for that reason elected not to file an amended complaint as to them following the court's disposition of their motion to dismiss. However, the plaintiff represents that he did not abandon his claims against the unidentified officer, and that this defendant – who has at all times been represented by separate counsel – never moved to dismiss the claims brought against him. We agree. Accordingly, we will modify our prior order to clarify that it applies only to the City of York and the York City Police Department, and not to the unknown police officer.

In modifying our prior order, however, we observe that the plaintiff should take steps promptly to move to amend the complaint in order to identify the unnamed police officer. Additionally, we underscore that nothing in this order shall be construed as a final determination regarding the timeliness or threshold merits of the

plaintiff's claims against the unknown police officer, who has not yet answered or otherwise responded to the claims against him in this case.

## IV. ORDER

Accordingly, IT IS HEREBY ORDERED THAT the plaintiff's motion for reconsideration (Doc. 20.) is GRANTED. The court's order dismissing this action with prejudice as to all parties (Doc. 19.) is VACATED. IT IS FURTHER ORDERED THAT the claims against the City of York and the York City Police Department are DISMISSED with prejudice. The claims against the Unknown Police Officer are not dismissed, but the plaintiff shall file a status report on or before **July 15, 2013** describing efforts to identify this putative party defendant.

So ordered this 11th day of June 2013.

/S/ *Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge